LUIS M. PAGÁN, Plaintiff and Appellant, *v.* FRANCISCO OTERO CHÁVEZ, Defendant and Appellee.

No. 9694. Argued May 4, 1948.—Decided June 11, 1948.

Luis M. Pagán, *pro se* and *Angel Roberto Díaz* for appellant. *Vicente Géigel Polanco* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Section 12 of Act No. 464, approved April 25, 1946, known as the Reasonable Rents Act, provides that an action of unlawful detainer against tenants may be commenced only, in the case, among others, specified under letter (d) which insofar as pertinent, provides:

"(d) When the landlord shows, to the satisfaction of the court, that he desires in good faith to recover the premises for the purpose of demolishing the same in whole or *in part with the intention of constructing a new building, provided the plans for such construction have been duly filed and approved by the proper authority.*" (Italics ours.)

Pursuant to this provision, Luis M. Pagán brought an action of unlawful detainer against Francisco Otero Chávez. He alleged to be the owner of a lot in the corner of Loíza and Las Flores Streets, in Santurce, on which two houses stand, one a two-story concrete building zinc-roofed, bounded by Loíza and Las Flores Streets and another, a one-story concrete house zinc-roofed fronting Las Flores Street; that the two-story building is leased to the defendant for a monthly rental of $105, by a month-to-month contract; that plaintiff wishes in good faith to recover possession of said house for the purpose of demolishing it in part with the intention of constructing a new building; that the drawings have been duly presented and approved by the proper authorities, thereby complying with all the statutory requirements; that when the defendant leased the house, subject matter of this action, he knew that the plaintiff intended to begin the work as soon as the war emergency control on constructions should cease; that before commencing the construction of the building, which is now in progress, the defendant was personally informed by the plaintiff of his intentions and the defendant showed satisfaction for the commencement of the work, cooperating with the plaintiff to that end, until recently when he changed his mind and began to object to the continuation of the construction work.

The defendant answered the complaint admitting some of the facts and denying others and specifically denied that plaintiff intends to demolish in part the building occupied by the defendant in order to construct a new building or that the proper authorities have approved any plans for the partial demolition and construction of a new building in the lot occupied by defendant; as new matter he set up the manner in which he acquired the business of "Café Madrid" situated in the house subject matter of the unlawful detainer, alleging that plaintiff had renewed the contract of lease from month to month; that plaintiff at no time informed the defendant that he intended to demolish in whole or in part said building; and that he had performed improvements in said building in the amount of $4,000; that the drawings presented by the plaintiff refer to a certain work of enlargement and reconstruction which plaintiff is carrying in the house fronting Las Flores Street, which work is extraneous to, separate and different from, the building occupied by the defendant and that it is plain from the drawings that there shall be no demolition in said building; that the plaintiff has not instituted this action in good faith.

According to law hearings were held and the court rendered judgment dismissing the complaint and stated therein (no opinion was rendered) in part as follows:

"The court has no doubt that the unlawful detainer was instituted *in good faith* inasmuch as the rear part of the building is openly and clearly under construction. *The evidence is sufficient in the sense that all the permissions and drawings for the construction have been duly approved by the proper authorities.* Therefore, the point to decide is whether the intention to construct a new building, that is, it not being a question of making repairs inasmuch as under the Federal as well as the Insular policy no evictions are granted for repairs to leased property, may be presumed in a case like this which does not involve the construction of a new building, *but the joining of two contiguous buildings which could also remain separate in two different premises by merely leaving between them the dividing wall which now stands, for it would not be difficult for the plaintiff to con-*

*vince his tenant in the main floor that the stairway which leads to the second floor could be opened permanently or provisionally in another place.*

"After a deliberate study of the facts involved of § 12, subdivision *d*, and of the Reasonable Rents Act of Puerto Rico, we believe that there is nothing in said section 12, subdivision *d*, which may lead us to consider that it was the intention of the Legislature to authorize unlawful detainers in case the owner desired to join two adjacent buildings susceptible of two different leases, inasmuch as the remedial nature of the law pursues the protection of established businesses." (Italics ours.)

The plaintiff appealed and alleges that the judgment is contrary to the law and to the evidence presented and admitted and that it is erroneous because it does not definitively dispose of the rights of the parties.

Notwithstanding the fact that the lower court reached the conclusion that the plaintiff brought this action in good faith and that all the permissions and drawings for the construction were duly approved by the proper authorities, it concluded that it was not a matter of constructing a new building, but merely the joining of two contiguous buildings and, therefore, that the unlawful detainer did not lie. We cannot agree with this conclusion. The evidence showed that in connection with the house in Las Flores Street the demolition was almost of the whole building and as to the one occupied by the defendant it was necessary to tear down the wall facing the south; in addition, the stairway which is now in Las Flores Street is eliminated and a new one takes its place in Loíza Street; and that by virtue of the drawings approved and the permission granted, the plaintiff was authorized to carry out construction work which converted his two houses into a single building; that pursuant to the Zoning Regulations the fact that the new building stood in a corner was taken into consideration and the construction was allowed to take up a greater percentage of the whole area of the lot because of its situation; that according to the regulations, the drawings and the permissions can not be changed once they are ap-

proved and granted. That the plaintiff informed the defendant his purpose of carrying out this work when the defendant acquired the business on April 1, 1946 is a fact which the court accepts in its judgment as proved, but to which it attaches no importance because the Reasonable Rents Act was approved on April 25, 1946. However, if this Act authorizes in its § 12(d) the unlawful detainer in a case like the present, it is obvious that the defendant in acquiring the business knowing that the plaintiff intended to perform this work, did so at his own risk, as it was proved that the reconstruction cannot be carried on while the premises which defendant has are occupied.

In another paragraph of its judgment, the lower court stated that it did not consider the partial demolition to be made in the house occupied by the defendant "sufficiently substantial" to comply with the provisions of § 12(d) *supra*. Although in a proper case, and even when the law does not speak of "substantial" partial demolition, once the insubstantiality of a partial demolition is shown that fact would be sufficient to deny the unlawful detainer, we believe that in the instant case said conclusion is not justified.

The drawings show that this case involves a single construction work which includes the partial demolition of both houses of the plaintiff and that by virtue of its reconstruction and enlargement they shall be converted into a single building. That the law does not prohibit this is shown by the fact that the permissions were granted and the drawings approved by the proper authorities. And the only requirements provided by § 12(d), *supra,* to institute the unlawful detainer are that plaintiff should desire to recover the premises in good faith for the purpose of demolishing the same in whole or in part with the intention of constructing a new building provided the plans are duly presented and approved. In our opinion, all these requirements were shown and complied with in this case and, therefore, the court erred in dismissing the complaint.

854

The judgment appealed from should be reversed and, although we should render the judgment that should have been entered by the lower court granting the complaint, taking into consideration that, under § 12(*d*), *supra,* the court entering the judgment shall fix the term of eviction, which shall not be more than one year in the case of a building devoted to professional offices, businesses, commerce or industry, and that the lower court will be in a better position than this Court to determine, after hearing the parties, the term that should be fixed in this case for defendant's eviction, the case will be remanded to said court to render judgment sustaining the complaint, with costs, but without including attorney's fees.

Mr. Justice De Jesús did not participate herein.